IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING



FILED

2:39 pm, 10/18/21

**Margaret Botkins
Clerk of Court**

Civil Action No. 21-CV-193-J

**DAVID PEAVY**

    Plaintiff

v.

**AVANTIC LODGING ENTERPRISES, INC. d/b/a TRAVELODGE; and RICHARD KNIGHT**

    Defendants.

---

### AMENDED COMPLAINT AND JURY DEMAND

---

Plaintiff, David Peavy, by and for his Amended Complaint and Jury Demand against Avantic Lodging Enterprises d/b/a Travelodge ("Travelodge") and Richard Knight (collectively "Defendants"), seeks to recover for Defendants' negligence. In support thereof, Plaintiff hereby alleges and states as follows:

### INTRODUCTION

1. This is a complaint brought for the negligence of Defendants in causing serious bodily injury to David Peavy while Mr. Peavy was a guest at Travelodge in Cheyenne, Wyoming.

2. While Mr. Peavy was a guest at Travelodge, Mr. Peavy tripped over a cord that he was unable to see when it was strung across a hotel hallway.

3. As a result of his fall, Mr. Peavy sustained catastrophic injuries.

1

## PARTIES

4. Plaintiff David Peavy is a citizen of the United States and a resident of the State of Alabama.

5. Defendant Avantic Lodging Enterprises d/b/a Travelodge ("Travelodge") is a Kansas corporation registered in the State of Wyoming as a foreign corporation, doing business as Travelodge.

6. Defendant Travelodge owns and operates the Travelodge hotel located at 1625 Stillwater Avenue, Cheyenne, Wyoming.

7. Defendant Richard Knight, upon information and belief, is a citizen of the United States and a current resident of the State of Louisiana.

8. At all relevant times, Defendant Richard Knight was an employee of Defendant Avantic Lodging Enterprises d/b/a Travelodge, and was acting in the course and scope of his employment.

## JURISDICTION AND VENUE

9. The amount in controversy in this action exceeds $75,000.00.

10. Complete diversity of citizenship exists for all parties to this action.

11. Jurisdiction of this action lies in the United States District Court pursuant to 28 U.S.C. § 1332.

12. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c), because Defendant Travelodge does business in this judicial district and a substantial part of the conduct giving rise to Plaintiff's claims occurred in this judicial district.

## GENERAL ALLEGATIONS

13. Defendant Travelodge operates a hotel at 1625 Stillwater Avenue, Cheyenne, Wyoming.

14. Defendant Travelodge holds itself out as the "leading provider of crew accommodation and specializes in hotels and lodging services tailored for employees working long hours under hazardous conditions and protective policies around rest and safety."

15. On April 16, 2020, David Peavy was a registered guest at Travelodge in Cheyenne, Wyoming.

16. Mr. Peavy was part of a crew erecting windmill towers in the area.

17. On the evening of April 16, 2020, Mr. Peavy exited his room on his way to find dinner.

18. In the hallway, Mr. Peavy encountered Defendant Richard Knight.

19. Defendant Richard Knight held himself out as the manager of the hotel.

20. Defendant Richard Knight was standing on one side of the hallway.

21. Upon information and belief, a carpet cleaner stood up against the wall on the other side of the hallway.

22. Defendant Richard Knight engaged Mr. Peavy in conversation.

23. During the conversation, Defendant Richard Knight disclosed to Mr. Peavy that the only time Defendant Richard Knight was able to complete his cleaning duties was around the dinner hour.

24. Upon completion of the conversation, Mr. Peavy began walking away.

25. As a result of the pattern of the carpet and the lack of any visible or verbal warning from Defendant Richard Knight, Mr. Peavy was unaware an electrical cord was strung across the hallway and connected to the carpet cleaner.

26. Mr. Peavy became entangled in the electrical cord strung across the hallway.

27. Mr. Peavy fell to the ground and incurred catastrophic injuries and losses.

## FIRST CLAIM FOR RELIEF
### Negligence – Defendant John Doe

28. Plaintiff incorporates all statements above and below as if fully restated herein.

29. At all relevant times, Defendant Richard Knight was acting in the course and scope of his employment as a manager at Travelodge.

30. At all relevant times, Defendant Richard Knight possessed a duty to act with reasonable care to protect guests of Travelodge from injury and death.

31. At all relevant times, Defendant Richard Knight knew or should have known that Travelodge guests would use the hallway of the Travelodge to walk from guests' rooms to other areas of the hotel as well as the hotel's parking lot.

32. At all relevant times, Defendant Richard Knight knew or should have known that a cord strung across the Travelodge hallway constituted a dangerous condition that could cause injury or death to Travelodge guests.

33. Defendant Richard Knight knowingly strung an electrical cord across the Travelodge hallway on April 16, 2020.

34. Prior to Mr. Peavy's fall, Defendant Richard Knight took no action to warn Travelodge guests, or Mr. Peavy, that an electrical cord was strung across the Travelodge hallway.

35. Injury to Travelodge's guests was a foreseeable result of stringing an electrical cord across a hallway and failing to warn of the danger of the cord in the hallway.

36. Defendant Richard Knight knew or should have known that the electrical cord strung across the Travelodge hallway on April 16, 2020, without any warning to guests about the cord, constituted a dangerous condition.

37. Defendant Richard Knight's actions and failure to warn constituted a breach of his duty to act reasonably to protect Travelodge guests from injury and death.

38. As a direct and proximate result of Defendant Richard Knight's failure to act reasonably, Mr. Peavy became entangled in the electrical cord and suffered catastrophic injuries.

39. Mr. Peavy's injuries were the direct and proximate result of Defendant Richard Knight's failure to act reasonably under the circumstances.

### SECOND CLAIM FOR RELIEF
### Negligence – *Respondeat Superior* – against Defendant Travelodge

40. Plaintiff incorporates all statements above as if fully restated herein.

41. At all relevant times, Defendant Richard Knight was an employee and/or agent of Defendant Travelodge acting within the course and scope of his employment.

42. As the employer of Defendant Richard Knight, Defendant Travelodge is liable for Defendant Richard Knight's negligent acts, described above, under the doctrine of *Respondeat Superior*.

### THIRD CLAIM FOR RELIEF
### Negligence – Defendant Travelodge

43. Plaintiff incorporates all statements above as if fully restated herein.

44. At all relevant times, Defendant Travelodge possessed a duty to act with reasonable care to protect guests of Travelodge from injury and death.

45. Defendant Travelodge failed to act reasonably by failing to draft, implement, and enforce policies that would prevent the creation of a dangerous condition like that encountered by Mr. Peavy on April 16, 2020.

46. Defendant Travelodge failed to act reasonably by choosing to decorate its hallway with flooring that would camouflage dangerous conditions that may exist.

47. Defendant Travelodge failed to act reasonably by failing to provide its employees with equipment that would be visible on the flooring chosen by Defendant Travelodge to decorate its hotel.

48. As a direct and proximate result of Defendant Travelodge's failure to act reasonably, Mr. Peavy became entangled in the electrical cord and suffered catastrophic injuries.

49. Mr. Peavy's injuries were the direct and proximate result of Defendant Travelodge's failure to act reasonably under the circumstances.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the following relief:

1. An Order directing and requiring Defendants to pay Plaintiff's economic and non-economic damages, the amount to be proven at trial;

2. All interest allowable by law;

3. An Order directing Defendants to reimburse Plaintiff for all costs and attorney's fees expended in the course of litigating this action;

4. An Order directing Defendants to reimburse Plaintiff for pre and post-judgment interest; and

5. Any other and further relief as the Court deems just and appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated October 18, 2021.

By:    s/Sean T. Olson
Sean T. Olson
Olson Law Firm LLC
1536 Cole Blvd., Suite 170
Golden, CO 80401
sean@olsonlawfirm.com
(303) 586-7297